**WALTER B. DICK v. JANE D. McPHERSON ET AL., EXECUTORS, &c.**

Argued June 7, 1905—Decided November 16, 1905.

1. In an action for breach of covenants contained in a deed, when the recital of the covenants in the declaration varies from those contained in a copy of the deed annexed to and made a part of the declaration, the copy of the instrument must be considered as accurately setting them forth.
2. An eviction under a paramount title does not constitute a breach of a covenant of warranty against the acts of the grantor, his heirs, and all persons claiming by, from, through or under him.

---

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, PITNEY and REED.

For the plaintiff, *Repetto & Repetto.*

For the demurrant, *Thompson & Cole.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff brought an action on contract against the defendants, as executors of John McPherson, deceased, to recover damages for breach of certain covenants alleged to be contained in a deed of conveyance made by McPherson to the plaintiff, and which relate to the possession and use, by the plaintiff, of the premises embraced in the conveyance. The breach assigned is the eviction of the plaintiff, by some person unnamed, who claimed a right of possession under a decree of the Court of Chancery, which adjudged to be void and of no effect a deed made

by the riparian commissioners to McPherson for the premises in question, and upon which the latter's title rested. The declaration recites the covenants alleged to have been broken and then refers to and makes a part of the pleading a copy of the deed from McPherson to the plaintiff, which is thereto annexed. An inspection of the recitals in the declaration and of the instrument annexed discloses a variance in the language of the covenants. In ascertaining, therefore, what covenants were actually entered into by the grantor named in the conveyance, the copy of the deed must be considered as accurately setting them forth. *Practice act (Revision of 1903),* § 119; *Pamph. L.* 1903, *p.* 570. The only covenant in the deed relating to the possession and use of the premises by the plaintiff which is found in the copy annexed to the declaration, is in these words: "And the said John McPherson, for himself, his heirs, executors and administrators, doth covenant, grant and agree to and with the party of the second part [the plaintiff], his heirs and assigns, that he, the said John McPherson, his heirs, all and singular the hereditaments and premises, hereinabove described and granted, with the appurtenances, unto the said party of the second part, his heirs and assigns, against him, the said John McPherson, his heirs, and against all and every other person or persons whomsoever lawfully claiming, or to claim the same, or any part thereof, by, from, through or under him, shall and will warrant and forever defend." It is obvious that the eviction of which the plaintiff complains was not necessarily an eviction either by McPherson himself or his heirs, or anyone claiming by, from, through or under him. For aught that appears to the contrary, it may have been by a person claiming possession under a paramount title. In fact, this is the fair inference to be drawn from the averment of the declaration, irrespective of the elementary rule that upon a demurrer every allegation in a pleading is to be taken most strongly against him who makes it. An eviction under a paramount title does not constitute a breach of a covenant such as that contained in the plaintiff's deed. *Woodhouse* v. *Jenkins,* 9 *Bing.* 431.

The defendant is entitled to judgment on the demurrer.