JOSHUA MATLACK, PLAINTIFF IN ERROR, v. PUBLIC SERVICE CORPORATION, DEFENDANT IN ERROR.

Submitted March 21, 1912—Decided June 5, 1912.

1. Where a declaration sets up a condition precedent to be performed by the plaintiff, and then avers non-performance of it, no legal cause of action is shown, and a demurrer to such a declaration will be sustained.

2. The legal conclusions of the pleader, where set out in the declaration, cannot be considered in determining its legal sufficiency.

---

On error to the Burlington Circuit. On demurrer to *narr.*

Before Justices BERGEN, VOORHEES and KALISCH.

For the plaintiff, *Joshua Matlack, pro se.*

For the defendant, *Lefferts S. Hoffman* and *Leonard J. Tynan.*

The opinion of the court was delivered by

BERGEN, J. The declaration filed by the plaintiff in this cause sets up as a cause of action the following facts, viz., that Irvin Carter "deeming himself injured" by the destruction of a shade tree chargeable to defendant's negligence, "hired and

engaged this plaintiff as his agent to collect from this defendant damages for the destruction of said tree;" that plaintiff engaged counsel and caused a suit to be brought in the name of Carter; that just before trial the plaintiff made a settlement with defendant of the claim for damages by an agreement manifested by two letters written to plaintiff by the defendant, which were inserted at length in the declaration and made a part thereof. The first letter reads as follows: "Receiving your statement of costs in the case of Irvin Carter, amount including settlement, $241.53, and in reply to same, beg to say, it was satisfactory with the exception of the charge for two experts, amount $15, which the company will not allow. If you are willing to deduct this from the $241.53, kindly let me know and I will send you a release for $226.53." This letter does not indicate anything more than an offer to settle, based upon acceptance of terms offered. The second letter encloses a release with request to "have same executed and return to this office and we will send you check to cover this amount." The declaration then avers that the plaintiff did accept the said sum "in settlement of said claim of Irvin Carter against this defendant, and did receive from this defendant the release referred to, which release this plaintiff immediately forwarded to his principal, the said Irvin Carter, but who refuses to sign and deliver the release to this plaintiff." The pleader then proceeds to state certain legal principles which he avers entitle him upon the foregoing statement of facts to recover for his own use the aforesaid sum. The defendant demurred to the declaration, and the Circuit Court of the county of Burlington sustained the demurrer, and judgment final was entered which the plaintiff by this writ seeks to reverse.

As legal conclusions set out in a pleading cannot be considered in determining its sufficiency, the only case made by the facts set out in this declaration seems to be that plaintiff was engaged to collect damages for his principal, which he compromised without the statement of any facts showing his authority to do this for his principal. In addition to this the written evidence of the compromise, as set out in the pleading

and which must be taken as accurately setting forth the agreement (*Dick v. McPherson*, 43 *Vroom* 332), contains a condition precedent to be performed by the plaintiff, viz., the execution and return of the release of his principal to the defendant, the performance of which the pleader expressly negatives.

This declaration is destitute of every element of good pleading, and the demurrer to it was properly sustained. The judgment under review will be affirmed.